SCHIFF HARDIN LLP
Rocky N. Unruh (CSB # 84049)
*runruh@schiffhardin.com*
Sarah D. Youngblood (CSB# 244304)
*syoungblood@schiffhardin.com*
Tal C. Chaiken (CSB # 290743)
*tchaiken@schiffhardin.com*
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Defendants
RCI, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIGHETTI, on behalf of himself and all similarly situated persons,<br><br>  Plaintiff,<br><br>  v.<br><br>RCI, LLC,<br><br>  Defendant. | Case No. 3:13-cv-04328-JST<br><br>**MOTION BY DEFENDANT RCI, LLC FOR PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: January 23, 2014<br>Time: 2:00 p.m.<br>Crtrm: 9<br>Judge: Hon. Jon S. Tigar |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..................................................................................................... 2
II.  ALLEGATIONS MADE IN THE COMPLAINT ............................................... 3
III. LEGAL DISCUSSION ............................................................................................ 4
IV.  CONCLUSION ......................................................................................................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................. 5

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................................. 4, 5

*Breslow v. Wells Fargo Bank, N.A.*,
 857 F. Supp. 2d 1316 (S.D. Fla. 2012) .................................................................................... 6

*In re Ditropan XL Antitrust Litig.*,
 529 F.Supp.2d 1098 (N.D. Cal. 2007) ................................................................................. 5, 6

*In re Webkinz Antitrust Litig.*,
 695 F.Supp.2d 987 (N.D. Cal. 2010) ....................................................................................... 5

*Lewis v. Casey*,
 518 U.S. 343 (1996) ................................................................................................................. 6

*Onley v. Job.com, Inc.*,
 2013 WL 5476813 (E.D. Cal. 2013) ........................................................................................ 4

*Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*,
 274 F.R.D. 229 (S.D. Ill. 2011) ............................................................................................ 5, 6

**STATUTES**

47 U.S.C. § 227 ............................................................................................................... *passim*

Cal. Pen. Code § 631 ............................................................................................................... 2

**RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 4

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m. on January 23, 2014, or as soon thereafter as the matter may be heard, in Courtroom 9 on the 19th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, Defendant RCI, LLC will, and hereby does, move the Court for a partial dismissal of Plaintiff's First Amended Class Action Complaint in the above-titled action pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support of the Motion, all papers and records on file with the Clerk or that may be submitted prior to or at the time of the hearing, and any further evidence and argument that may be offered.

Dated:  December 2, 2013                         Schiff Hardin LLP

                                                            By:  */s/ Sarah D. Youngblood*
                                                                Rocky N. Unruh
                                                                Sarah D. Youngblood
                                                                Counsel for Defendant
                                                                RCI, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant RCI, LLC ("RCI") respectfully submits this Memorandum of Points and Authorities in support of its Motion for Partial Dismissal of Plaintiff's First Amended Class Action Complaint.

## I.   INTRODUCTION

Based upon a single alleged call to his cellular phone on September 17, 2013 (the "September 17 Call"), Plaintiff brings this putative class action against RCI for alleged violations of the Telephone Consumer Protection Act ("TCPA") and the California Invasion of Privacy Act ("CIPA"). Plaintiff's sweeping factual allegations are based entirely on one cell phone call, and his "information and belief" that the caller was acting on behalf of defendant RCI and must have called other people as well. Plaintiff alleges that he received a call with a pre-recorded message, and after pressing "1" spoke with a woman named "Carla." "Carla" allegedly told him that she worked for "a division of RCI," tried to sell him a vacation package, and revealed that the call was being recorded. First Amended Class Action Complaint ("Complaint") (Docket No. 16) at ¶¶ 15–17. While Plaintiff does not allege that "Carla" told him anything about similar calls placed to others, the Complaint contends on "information and belief" that RCI violated the TCPA and the CIPA by making calls "en masse" and without consent to "hundreds, if not thousands" of class members. *Id*. at ¶¶ 15–17, 24–29. Plaintiff also asserts that RCI made prerecorded calls to the residences of unspecified class members, but makes no allegation that he himself received a call on a residential line. *Id.* at ¶¶ 1, 25–27, 29, 39.

Count I alleges violations of the TCPA, which places restrictions on certain uses of telephone equipment. Complaint at ¶¶ 38–44. First, Plaintiff alleges violations of the cell phone provision of the TCPA, which makes it unlawful, in relevant part, "for any person … to make any call (other than…with the prior express consent of the called party) using any automatic

telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." (Section 227(b)(1)(A)(iii))  Second, he claims that RCI violated Section 227(b)(1)(B), which prohibits the same conduct when directed to "any residential telephone line."

To the extent that Count I alleges violations of Section 227(b)(1)(B) for unlawful calls to residential telephone lines, Plaintiff's allegations reveal that he lacks standing to bring such an action, because he does not claim to have received a call from RCI on his residential telephone line.  RCI therefore moves to dismiss the portions of Plaintiff's Complaint that are based on violations of Section 227(b)(1)(B).[1]

## II.     FACTUAL ALLEGATIONS MADE IN THE COMPLAINT

Plaintiff alleges that, although he did not give RCI his cellular phone number, he received a call from RCI on his cellular phone on September 17, 2013.  Complaint at ¶¶ 5, 14, 22, 46.  This single call, allegedly from RCI, "advertis[ed] a promotion to receive a vacation package in Florida (Daytona or Orlando) and/or Mexico." *Id.* at ¶ 14.  Plaintiff contends, on unspecified "information and belief," that RCI made identical calls to other cellular and residential phone numbers without permission, including "numerous" calls made during September 2013, and "numerous" calls over the preceding four years to "hundreds, if not thousands" of class members. *Id*. at ¶¶ 24–29.  Finally, Plaintiff alleges that RCI recorded the September 17 Call without his consent, and without the consent of "similarly situated class members." *Id*. at ¶¶ 17, 28.

Accordingly, Plaintiff purports to bring his action on behalf of a Class and two Sub-Classes.  He defines the Class to include

> [a]ll persons in the United States and its territories who, within the last four years, received a telephone call on their residential or

---

[1] Count II, not at issue in this Motion, alleges violations of CIPA, which prohibits recording or monitoring certain communications without the consent of all participants. Complaint, ¶¶ 45–49.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -    Case No. 3:13-cv-04328-JST
MOTION BY DEFENDANT RCI, LLC TO DISMISS PARTS OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

> cellular telephone placed by or on behalf of RCI using an artificial or prerecorded voice without the subscriber's prior express consent.

The alleged "Subclass A" consists of

> [a]ll persons in the United States or its territories who, within the last four years, received a telephone call on their cellular telephone place[d] by or on behalf of RCI through the use of an automatic telephone dialing system without the subscriber's prior express consent.

Finally, the alleged "Subclass B" consists of

> [a]ll persons in California who, within one year from the filing of the original complaint to the present, received one or more telephone calls from Defendant or placed one or more telephone calls to Defendant and spoke with a representative of RCI, where the call was recorded and no advance notice was provided that the call was being recorded or monitored.

Complaint at ¶ 29.

### III. LEGAL DISCUSSION

The allegations of the Complaint reveal that Mr. Righetti lacks standing to bring suit for claims arising from a residential telephone call. RCI therefore moves for dismissal of the portion of Count I that claims a violation of 47 U.S.C. § 227(b)(1)(B), the residential phone provision of the TCPA.

Mr. Righetti's lack of standing is properly analyzed under Rule 12(b)(6), for failure to state a claim. *Onley v. Job.com, Inc.*, 2013 WL 5476813, *4 (E.D. Cal. 2013) (finding no standing to bring TCPA claim, and distinguishing Article III standing analysis under Rule 12(b)(1)). Under Rule 12(b)(6), dismissal is appropriate if the plaintiff's allegations are insufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, a complaint must contain enough factual matter "to state a claim to relief that is plausible on its face." *Id*. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To withstand a motion to dismiss, a Complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *In re Webkinz Antitrust Litig.*, 695 F.Supp.2d 987, 993 (N.D. Cal. 2010) ("[A] plaintiff must do more than recite the elements of the claim"). Legal conclusions must be supported by factual allegations, and conclusory statements are not entitled to the presumption of truth. *Iqbal*, 556 at 679, 681; *Webkinz*, 695 F.Supp.2d at 993 ("The court… is not required to accept legal conclusions cast in the form of factual allegations").

Section 227(b)(1)(B) of the TCPA applies only to "telephone call[s] to any residential telephone line." 47 U.S.C. § 227(b)(1)(B) (emphasis supplied). Nowhere in his Complaint does Plaintiff allege that he received any such call. Instead, he explicitly contends that he "received a phone call … from RCI on his cellular phone." Complaint ¶ 5 (emphasis supplied); *see also* ¶ 14 ("Defendant contacted Plaintiff on his cellular telephone"); ¶¶ 18–20, 22–23 (describing the call made to "Plaintiff's cellular phone").

A plaintiff who receives a call only on his cellular telephone does not have standing to sue for TCPA violations predicated on calls to residential telephone lines, and the reverse is true as well. *See, e.g., Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229 (S.D. Ill. 2011). For example, the court in *Vigus* was faced with a pleading that presented the opposite version of the fact pattern before this Court. The plaintiff had received calls from the defendant only on his residential telephone, yet nevertheless purported to represent a class of persons who were called

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 5 -   Case No. 3:13-cv-04328-JST
MOTION BY DEFENDANT RCI, LLC TO DISMISS PARTS OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

on either a residential line or a cellular phone. 274 F.R.D. at 233. In denying leave to amend the complaint to include a claim for improper calls to cellular telephone numbers, the court explained that "[t]he amended pleading would not survive a motion to dismiss because the proposed amendment contains no factual allegations that the [defendant] made any call to [plaintiff]'s cell phone number."[2] *Id*. In the case before this Court, Plaintiff claims to have received a single call on his cellular phone, and has alleged no calls to his residential telephone. Accordingly, this portion of his TCPA claim is appropriately dismissed.

That Plaintiff received a call on his cellular phone does not give him the ability to sue RCI for calling residential telephone numbers. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (recognizing that "the TCPA's residential calls prohibition is contained within a separate subsection from the cellular calls prohibition" and that "[t]he different provisions also provide different exemptions"). To permit Plaintiff to pursue a claim predicated on unlawful calls to residential lines although he himself received a call only to his cellular phone would render meaningless the distinctions within the TCPA's subsections.

Because Plaintiff does not claim to have received a call on a residential phone line, he lacks standing to sue RCI under 47 U.S.C. § 227(b)(1)(B), either individually or on behalf of a class. As the Supreme Court has made clear, a plaintiff cannot assert a claim on behalf of a putative class if he cannot himself sustain a claim. *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("[N]amed plaintiffs who represent a class must allege and show that they personally have been injured") (internal quotation marks omitted); *see also In re Ditropan XL Antitrust Litig.*, 529

---

[2] In addressing the plaintiff's simultaneous motion for class certification, the District Court reasoned that the plaintiff's claim was "not typical of those putative class members because they rely on different legal theories and different defenses." *Vigus*, 274 F.R.D. at 236 (denying class certification).

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 - Case No. 3:13-cv-04328-JST
MOTION BY DEFENDANT RCI, LLC TO DISMISS PARTS OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

F.Supp.2d 1098, 1107 (N.D. Cal. 2007) ("[A]t least one named plaintiff must have standing with respect to each claim the class representatives seek to bring.")..

## IV. CONCLUSION

Because Plaintiff's Complaint fails to satisfy the requirements for pleading an action under 47 U.S.C. § 227(b)(1)(B), RCI respectfully urges dismissal of the portions of Count I alleging violations of that Section.

Respectfully submitted,

Dated: December 2, 2013  Schiff Hardin LLP

By: */s/ Sarah D. Youngblood*
    Rocky N. Unruh
    Sarah D. Youngblood
    Tal C. Chaiken
    Counsel for Defendant
    RCI, LLC